THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HICHAM DIAB,<br><br>    Defendant. | CASE NO. CR18-0282-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to seal (Dkt. No. 46) his sentencing memorandum and exhibits attached thereto (Dkt. No. 47). The Court previously entered a protective order limiting the disclosure of material containing "any identifying information about the confidential informant or the undercover officers . . . in the case." (Dkt. No. 22.)

The Court starts from the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, a particularized showing of good cause will suffice to warrant sealing discovery documents attached to non-dispositive motions. *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Defendant asserts that the documents he seeks to maintain under seal reveal sensitive and confidential information about the Government's sources and thus fall within the scope of the

Court's protective order, as well as personal and private health and identifying information. (Dkt. No. 46 at 1.) Defendant has made a particularized showing of good cause sufficient to overcome the strong presumption of public access to the Court's files as to the material in the documents that falls within the Court's protective order or constitutes private information of Defendant and others. *See Kamakana*, 447 F.3d at 1180. But the documents also contain substantial material for which Defendant has not made a particularized showing of good cause to maintain it under seal. *See id*. For example, Defendant's sentencing memorandum discusses the underlying facts of the case at length, which are not properly subject to seal and were also discussed at Defendant's sentencing hearing. Therefore, Defendant's motion to seal (Dkt. No. 46) is DENIED. Within 48 hours of the issuance of this order, Defendant shall withdraw the documents that are currently filed under seal. (Dkt. No. 47.) In their place, Defendant shall publicly file versions of the documents with material subject to the Court's protective order, or constituting private and sensitive information of Defendant, redacted.

DATED this 13th day of June 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE